UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In re:

TRICIA DIAMOND,

    Debtor.

Case No. 23-11683-TWD    Chapter 13

**FILED - WAWB**
**FEB 18 2026 7:37 PM**
**Gina Zadra Walton, Clerk of Court**

**DEBTOR'S MOTION TO REOPEN CASE**

**UNDER 11 U.S.C. § 350(b) AND FED. R. BANKR. P. 5010**

<u>NOTED FOR HEARING:</u>

Date: March 18, 2026

Time: 9:30 a.m.

Judge: Hon. Timothy W. Dore

**DEBTOR REQUESTS TELEPHONIC APPEARANCE**

**I. INTRODUCTION**

Debtor Tricia Diamond, appearing pro se, respectfully moves this Court to reopen the above-captioned bankruptcy case pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010 for the limited purpose of filing a motion for contempt against Monica Rose Kelly for willful violations of the automatic stay under 11 U.S.C. § 362(k). Debtor requests that the Court permit her to appear telephonically at the hearing on this motion.

**II. BACKGROUND**

1. Debtor filed this Chapter 13 bankruptcy case on September 11, 2023. The automatic stay under 11 U.S.C. § 362(a) went into effect immediately upon filing.

2. The case was pending for approximately 21 months, from September 2023 through July 2025, when the case was dismissed.

3. During the pendency of this case, Monica Rose Kelly, a creditor under a bond-for-deed arrangement for property located at 1401 Laharpe Street, New Orleans, Louisiana 70116, willfully violated the automatic stay on multiple occasions.

4. Ms. Kelly had actual knowledge of the bankruptcy filing. She retained bankruptcy counsel who filed a notice of appearance and appeared in this case to argue that her bond-for-deed payments should remain outside the Chapter 13 plan. In the related case (No. 25-11890-TWD), Ms. Kelly retained Darryl T. Landwehr of Landwehr Law Firm, LLC, New Orleans, Louisiana, who was admitted pro hac vice by order entered February 12, 2026 (Docket No. 87), with local counsel Marc S. Stern, WSBA #8194, Seattle, Washington. Ms. Kelly's service address is: c/o Landwehr Law Firm, LLC, 650 Poydras Street, Suite 2519, New Orleans, Louisiana 70130-6163.

5. Despite her knowledge of the automatic stay, Ms. Kelly:

    a. Charged Debtor late fees throughout the 21-month bankruptcy period in direct violation of 11 U.S.C. § 362(a)(6), which prohibits any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case;

    b. Charged documented late fees totaling at least $3,278.10, as evidenced by payment records from Escrow Funding, Inc. (Account No. 4605);

      c. Sent Debtor a "Default Notice" dated December 31, 2024, while the automatic stay was in full effect, constituting an additional act to collect a pre-petition debt;

      d. Retained a reserve balance belonging to Debtor without authorization or accounting.

6. Debtor raised these automatic stay violations in her subsequent bankruptcy case (Case No. 25-11890-TWD). On February 18, 2026, the Honorable Timothy W. Dore granted Debtor a hardship discharge in that case but denied without prejudice the contempt motion against Ms. Kelly, directing Debtor that the automatic stay violations from the first bankruptcy case should be brought in this case.

## III. LEGAL STANDARD

7. Under 11 U.S.C. § 350(b), "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

8. Federal Rule of Bankruptcy Procedure 5010 provides that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."

9. The Ninth Circuit has expressly held that bankruptcy courts retain jurisdiction to enforce the automatic stay even after a case is closed. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). In *Schwartz*, the court stated that "the bankruptcy court retains post-dismissal jurisdiction to . . . adjudicate the debtor's [automatic stay violation] claims," and that reopening a case for this purpose is appropriate because "the automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." *Id.* at 571–572.

10. Under 11 U.S.C. § 362(k)(1), "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

11. A violation is "willful" when the creditor knew of the bankruptcy and intended the actions that violated the stay. *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989). The creditor need not have known that the actions violated the stay. *In re Pinkstaff*, 974 F.2d 113, 116 (9th Cir. 1992).

**IV. ARGUMENT**

**A. Cause Exists to Reopen This Case**

12. The purpose of reopening this case is narrow and specific: to pursue a contempt action against Monica Rose Kelly for willful violations of the automatic stay that occurred during the pendency of this case. This Court has exclusive jurisdiction over such violations.

13. Debtor has substantial, documented evidence of the violations, including payment records from Escrow Funding, Inc. showing $3,278.10 in late fees charged during the bankruptcy, a Default Notice dated December 31, 2024, and records showing a retained reserve balance.

14. Ms. Kelly's knowledge of the bankruptcy is conclusively established by her retention of bankruptcy counsel who appeared in this case. Her knowledge is further confirmed by her retention of counsel in the related case (No. 25-11890-TWD), where attorney Darryl T. Landwehr was admitted pro hac vice on February 12, 2026, specifically to represent Ms. Kelly's interests.

15. The Honorable Timothy W. Dore specifically directed Debtor to bring these claims in this case, confirming that this is the proper venue for adjudicating these automatic stay violations.

**B. Reopening Will Not Prejudice Any Party**

16. Reopening the case for the limited purpose of adjudicating the contempt motion will not prejudice any party. The case was a Chapter 13 that was dismissed in July 2025. Reopening does not reinstate the Chapter 13 plan or create any new payment obligations.

17. Ms. Kelly will have full notice and an opportunity to respond to the contempt motion. Debtor will serve Ms. Kelly through her attorneys of record, Darryl T. Landwehr, Landwehr Law Firm, LLC, 650 Poydras Street, Suite 2519, New Orleans, Louisiana 70130, and local counsel Marc S. Stern, 1825 NW 65th Street, Seattle, Washington 98117.

**V. RELIEF REQUESTED**

18. Debtor respectfully requests that this Court:

    a. Reopen Case No. 23-11683-TWD for the limited purpose of adjudicating Debtor's motion for contempt against Monica Rose Kelly for willful violations of the automatic stay under 11 U.S.C. § 362(k);

    b. Upon reopening, permit Debtor to file a motion for contempt and to serve Monica Rose Kelly through her attorneys of record with proper notice;

    c. Permit Debtor to appear telephonically at the hearing on this motion;

    d. Grant such other and further relief as this Court deems just and proper.

Dated: February 18, 2026

                                          Respectfully submitted,

                                          /s/ Tricia Diamond

                                          Tricia Diamond, Pro Se Debtor

                                          7334 15th Ave NE

                                          Seattle, WA 98115

                                          Email: triciadiamond@icloud.com

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In re:

    TRICIA DIAMOND,

        Debtor.

Case No. 23-11683-TWD       Chapter 13

**PROPOSED] ORDER GRANTING MOTION TO REOPEN CASE**

The above matter having come before this Court on March 18, 2026, on Debtor's Motion to Reopen Case Under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010, and the Court having reviewed the motion and supporting documents, and good cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1. Case No. 23-11683-TWD is REOPENED for the limited purpose of adjudicating Debtor's motion for contempt against Monica Rose Kelly for willful violations of the automatic stay under 11 U.S.C. § 362(k).

2. Debtor shall file and serve her motion for contempt within 21 days of the entry of this Order.

3. Debtor shall serve the motion for contempt on Monica Rose Kelly through her counsel, Darryl T. Landwehr, Landwehr Law Firm, LLC, 650 Poydras Street, Suite 2519, New Orleans, Louisiana 70130, and local counsel Marc S. Stern, 1825 NW 65th Street, Seattle, Washington 98117, by certified mail and/or electronic service.

Dated: _____

                                                                                _____

HONORABLE TIMOTHY W. DORE

United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

In re:

    **TRICIA DIAMOND,**

        Debtor.

**Case No. 23-11683-TWD**       Chapter 13

# CERTIFICATE OF SERVICE

I, Tricia Diamond, hereby certify that on February 18, 2026, I caused a true and correct copy of the foregoing Debtor's Motion to Reopen Case Under 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010, together with the [Proposed] Order, to be served upon the following parties by the method indicated:

**VIA U.S. MAIL, FIRST CLASS, POSTAGE PREPAID:**

**Darryl T. Landwehr**
Landwehr Law Firm, LLC
650 Poydras Street, Suite 2519
New Orleans, LA 70130
*(Counsel for Monica Kelly, Creditor)*

**Marc S. Stern, WSBA #8194**
1825 NW 65th Street
Seattle, WA 98117
*(Local Counsel for Monica Kelly, Creditor)*

**Jason Wilson-Aguilar, Chapter 13 Trustee**

600 University Street, Suite 1300

Seattle, WA 98101

**United States Trustee**

700 Stewart Street, Suite 5103

Seattle, WA 98101


Dated: February 18, 2026

              ____/s/ Tricia Diamond_____

              Tricia Diamond, Pro Se Debtor